(2d Cir.1995), *overruled on other grounds, Fisher v. Vassar College,* 114 F.3d 1332 (2d Cir.1997) (en banc). Moreover, it could have properly determined that Scott promised to help Marques obtain a job, that he violated that promise, and that his prior statements and actions showed that age discrimination was the reason for the inactivity which led to the loss of her position. *See Mustafa v. Clark County Sch. Dist.,* 157 F.3d 1169, 1180 (9th Cir.1998); *Samarzia v. Clark County,* 859 F.2d 88, 91 (9th Cir.1989). While Marques' evidence was not overwhelming, it was sufficient.

AFFIRMED.

Before PREGERSON, THOMAS, and GOULD, Circuit Judges.

### MEMORANDUM *

After careful consideration of the record and the evidence presented at trial, we conclude that the jury verdict finding negligence, but lack of proximate cause, cannot reasonably be reconciled. We further conclude that the district court abused its discretion in denying appellants' motion for a new trial. The judgment is vacated and the case is remanded for a new trial.

VACATED AND REMANDED

**Linda WEXLER, individually and as Personal Representative of the Estate of Melvin Wexler; Matthew Wexler, individually; Perri Wexler, individually; Lisa Wexler, individually, Plaintiffs–Appellants,**

v.

**TRIANGLE C RANCH, a sole proprietorship; Ron Gillett, individually dba Triangle C Ranch; John Does, 1–10, unknown individuals and/or entities, Defendants–Appellees.**

No. 99–35812.

D.C. No. CV–97–00590–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided March 14, 2001.

**HERSHEY THE TIN MAN, a Montana Partnership Plaintiff—Appellant, Cross–Appellee,**

v.

**AVON PRODUCTS, INC., a New York Corporation, Defendant—Appellee, Cross–Appellant.**

Nos. 99–35825, 99–35850.

D.C. No. CV–97–00007–LBE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided March 14, 2001.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.